**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**NANCY M. BARNER**                                                                          **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO. 3:04CV804BN**

**KEVEN E. HALL, ET AL**                                              **DEFENDANT**

---

**OPINION AND ORDER**

THIS CAUSE is before the Court on the Defendant Southeastern Investments, LLC.'s Motion to Dismiss, docket entry number 28; the Plaintiff's response entitled "Motion for Summary Judgment," docket entry number 31; and, the Defendant's Motion to Strike Affidavits of the Plaintiff, docket entry number 33. The Court has also reconsidered the individual Defendants, Kelvin E. Hall and Brian Williams' Motion to Dismiss, docket entry number 7. Having considered these pleadings, memoranda, and the applicable law regarding the Plaintiff's claims, the Court finds that the Complaint must be dismissed as to all claims and as to all parties as a matter of law.

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); *see also* <u>Moore v. Mississippi Valley State Univ.</u>, 871 F.2d 545, 549 (5th Cir. 1989); <u>Washington v. Armstrong World Indus.</u>, 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings or discovery, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex</u>, 477 U.S. at 323.  The movant need not, however, support the motion with materials that negate the opponent's claim.  <u>Id.</u>  As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim.  <u>Id.</u> at 323-24.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial."  <u>Id.</u> at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists.  It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." <u>Kennett-Murray Corp. v. Bone</u>, 622 F.2d 887, 892 (5th Cir. 1980).  Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial.  <u>National Screen Serv. Corp. v. Poster Exchange, Inc.</u>, 305 F.2d 647, 651 (5th Cir. 1962).

The Plaintiff's Complaint, filed on October 1, 2004, alleged the claims quoted below against KELVIN E. HALL, BRIAN WILLIAMS, and SOUTHEASTERN INVESTMENTS LLC:

### FACTS

> Kelvin E. Hall fired me because of my age. Kelvin E. Hall sent Brian Williams to tell me I had (8) Complaints and it were untrue. Also with him were my replacement a younger female.

### RELIEF

> Age Discrimination. Kelvin Hall fired me because of my age. Kelvin Hall wanted younger women. Hall stated he fire me because I had 8 Complaints, which were untrue.

The individual Defendants Kelvin E. Hall and Brian Williams filed a motion requesting the Court to dismiss the case against them for lack of personal jurisdiction, and that motion was initially denied by Order, docket entry number 24. However, the Court has reconsidered this motion and finds that the Complaint should be dismissed against all three named Defendants.

The Plaintiff is prosecuting this case *pro se,* and her pleadings must be liberally construed. Pena v. United States of America, 122 F.3d 3, 4 (5th Cir. 1997). Even though the Court has liberally construed the Plaintiff's pleadings, it finds that there is no genuine issue of material fact and that the Plaintiff could not establish a claim at trial.

According to the pleadings, the undisputed facts are that Nancy M. Barner was hired by the defendant Southeastern Investments, LLC, on April 29, 2004, as

an "at-will" employee and as a manager trainee. She worked in this position until she was discharged on June 21, 2004, thirty-eight days later. On the day after she was terminated, the Plaintiff filed a charge of discrimination with the EEOC alleging discrimination based on age. The Defendant responded to the inquiry by the EEOC, denying the age discrimination allegations and providing the information requested by the EEOC investigator, Dorothy C. Crawford. On July 21, 2004, a Dismissal and Notice of Rights letter was sent to the Plaintiff stating that the EEOC was "unable to conclude that the information obtained establishes violations of the statutes."

Thereafter, the Plaintiff filed this lawsuit. According to the Defendants, the Plaintiff was an "at -will" employee, and no reason for her termination is necessary. However, the Defendants affirmatively plead that age played no role whatsoever in their decision terminate her and the employee that replaced the Plaintiff was older than the Plaintiff. The Defendants contend that no *prima facie* case of age discrimination can be established by the Plaintiff. The Defendant Southeastern has set forth its legitimate, nondiscriminatory reason for Plaintiff's discharge: that she violated its rules requiring that all employees refrain from inappropriate work place conduct and/or disrespecting co-workers, customers, the general public and/or vendors dealing with the employer. The Plaintiff has not responded by providing any specific proof of discrimination or proof that the Defendant's nondiscriminatory reason is a pretext. She has not rebutted the

Defendant's reasons for firing her, nor can she show a prima facie case of discrimination since her replacement was older than she was.

In response to the Defendants' contentions, the Plaintiff stated that Mr. Hall refused to turn over relevant documents to the EEOC; that the Florence, Mississippi location was not opened during her employment; that Mr. Hall did not know how old she was when he hired her; that other employees did not file complaints against her; and, that Mr. Hall made false statements about employees. The Plaintiff provided notarized statements by Nora Williams and Eunice Holden, co-workers. According to Ms. Williams and Ms. Holden, they never heard or saw Nancy have a conflict with other employees or customers.

All of the above contentions by the Plaintiff are not relevant to whether she has stated a claim against these Defendants recognized by law. Mr. Hall may have made false statements about her and may not have known her age; other employees may not have filed complaints against her, and Ms. Holden and Ms. Williams may believe everyone got along with the Plaintiff. These factors are irrelevant as to the pertinent issue: was the Plaintiff impermissibly fired because of her age?

The Plaintiff has provided **no supporting facts or documentation** that she was fired due to her age. She has not shown the Court how old she is, why she believes that her age was the reason she was fired, or who replaced her and what age her replacement was. Generally, she has simply made conclusory statements with no underlying factual basis for her conclusion. The assertion by her is not

enough to go forward in this lawsuit.  The Plaintiff has not offered a prima facie case of discrimination, nor has she rebutted the Defendants' nondiscriminatory reason given herein to discharge her.

For these reasons, the Court finds that this case should be dismissed on its merits as to all Defendants, and Final Judgment shall be entered.

IT IS, THEREFORE, ORDERED that the Defendants' Motions for Summary Judgment [docket entry numbers 7 & 28], are HEREBY GRANTED and it is HEREBY ORDERED that the Complaint is dismissed with prejudice.  Final Judgment shall be entered in favor of the Defendants on this date.

SO ORDERED this the 25th day of September, 2006.


                              S/ James C. Sumner
                         UNITED STATES MAGISTRATE JUDGE